IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VARGAS,<br><br>             Plaintiff,<br><br>    v.<br><br>AT&T,<br><br>             Defendant.                            / | No. C 07-01996 CRB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Daniel Vargas previously was an employee of the Pacific Bell Telephone Company ("PBTC"). During his employment with PBTC, Plaintiff was a member of the Communication Workers of America ("CWA"). In April of 1999, PBTC terminated Plaintiff's employment.

Seven years later, in February of 2006, Plaintiff filed a lawsuit in San Mateo Superior Court challenging his termination. His former employer removed the case to federal court, on the basis that Plaintiff's complaint set forth both federal and state-law claims. This Court dismissed Plaintiff's federal claims with prejudice, finding that they were time-barred. The Court dismissed Plaintiff's state-law claims without prejudice. See Vargas v. SBC Commc'ns, Inc., No. 06-2030 (N.D. Cal. Apr. 28, 2006).

In March of 2007, Plaintiff filed another lawsuit in San Mateo Superior Court. Purporting to eschew any federal clams, and explicitly pointing to this Court's suggestion

1 that he pursue his state-law claims in state court if he believed them to have merit, Plaintiff
2 filed an "amended case" that set forth, among other items, causes of action for "defamation,"
3 "slander," and "libel."  Defendant removed the case to federal court, arguing that all of
4 Plaintiff's state-law claims are preempted by federal law and that Plaintiff failed to plead
5 them sufficiently.

6      Notwithstanding its previous suggestion that Plaintiff might pursue his state-law
7 claims in state court, the Court concludes that Plaintiff's state-law claims are preempted by
8 federal law.  Under Section 301 of the Labor Management Relations Act a state-law claim is
9 preempted by federal law if it is based on the "violation of contracts between an employer
10 and a labor organization."  29 U.S.C. § 185.  Not all state-law claims are preempted,
11 however.  Compare Tellez v. Pac. Gas & Elec. Co., 817 F.2d 536 (9th Cir. 1987) (finding
12 state-law defamation claims not preempted), with Shane v. Greyhound Lines, Inc., 868 F.2d
13 1057 (9th Cir. 1989) (finding state-law defamation claims preempted).  The test for
14 preemption is whether the theory of the state-law claims is "independent of any right
15 established by contract, or, instead, whether evaluation of the tort claim[s] is inextricably
16 intertwined with consideration of the terms of [a] labor contract."  Allis-Chalmers Corp. v.
17 Lueck, 471 U.S. 202, 213 (1985).

18      Here, Plaintiff's theory is that Defendant continues to defame, libel, and slander him
19 by telling his prospective employers that it considers him "not re-hireable."  According to
20 Plaintiff, he has been questioned by several potential employers about the circumstances of
21 his termination at PBTC, and he has had great difficulty finding a job due to Defendant's
22 description of him.  In challenging Defendant's actions, however, Plaintiff claims that
23 Defendant has improperly and unfairly labeled him "not re-hireable."  This claim rests on
24 Plaintiff's theory that Defendant failed to follow the agreed-upon grievance procedure,
25 violated the terms of his union's collective bargaining agreement with PBTC, and thereby
26 wrongfully terminated him.  The "amended complaint" that Plaintiff originally filed in state
27 //
28 //

court refers to the collective bargaining agreement, and Defendant's alleged violation of it, numerous times.[1]

It is therefore clear that Plaintiff's state-law claims rest on a challenge to Defendant's compliance with the terms of a collective bargaining agreement, and that adjudication of those claims would require this Court to interpret the terms of that agreement. Accordingly, Plaintiff's causes of action for defamations, libel, and slander are "inextricably intertwined with consideration of the terms of [a] labor contract." Allis-Chalmers, 471 U.S. at 213. Accordingly, those claims are preempted and must be dismissed. Shane, 868 F.2d at 1063. For this reason, Plaintiff's motion to remand is DENIED, and Defendant's motion to dismiss is GRANTED. Because the Court has previously ruled that Plaintiff's federal claims challenging his termination are time-barred, the state-law claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: June 11, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] See Decl. of Laura N. Monfredini in Support of Removal, Ex. A, at 5 ("I also believe that they're MAY-BE another violation of the Collective Bargaining Agreement (CBR) that the Labor Union – Communication Workers of America (CWA) has with AT&T.); id. at 5 ("The legal term of consideration should be upheld and enforced due to the fact that my Collective Bargaining Agreement Wrongful Termination Grievance was never completed thus my termination was not proven to be valid or Just as required by the Collective Bargaining Agreement."); id. at 6-7 ("[M]y grievance was left and is still pending thus to be re-opened as required by the Collective Bargaining Agreement or AT LEAST a De-Fault ruling be ruled and there by ruling my termination as a WRONGFUL Termination and thus therefore I am Re-Hirable."); id. at 7 ("I believe that both Defendants had ample time to complete the Wrongful Termination Grievance and since neither did then it is FAIR and JUST and in the interest of JUSTICE to enter a ruling that my WRONGFUL Termination be upheld via on a grounds of a DEFAULT RULING against both defendants for not bothering with my grievance as required by the Collective Bargaining Agreement.").

United States District Court
For the Northern District of California